UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SPRING DANKERT, #384783,

                Plaintiff,

                                         Case No. 2:14-CV-10692

v.                                   Honorable Patrick J. Duggan

CAMP BRIGHTON SUPERVISOR,
WARDEN & HEALTH INSPECTORS,

                Defendants.

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

### I.

       The Court has before it Plaintiff Spring Dankert's pro se civil rights complaint filed pursuant to 42 U.S.C. § 1983.  Plaintiff is a Michigan prisoner currently confined at the Huron Valley Women's Prison in Ypsilanti, Michigan.  In her complaint, Plaintiff alleges that she had to "drink, bath[e], eat, brush teeth with contaminated sewage water" while confined at Camp Brighton in Pinckney, Michigan in 2001 and 2006.  She names the Camp Brighton supervisor, warden, and health inspectors as Defendants and indicates that she is suing them in their official capacities.  She seeks compensatory damages.  Plaintiff has been granted

leave to proceed without prepayment of the filing fee for this action pursuant to 28 U.S.C. § 1915(a).  (ECF No. 7.)

## II.

Under the Prison Litigation Reform Act ("PLRA"), the Court is required to sua sponte dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the Court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b).  A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831 (1989).

## III.

Having reviewed Plaintiff's complaint, the Court finds that it is subject to summary dismissal under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A on the basis of Eleventh Amendment immunity.  Plaintiff is suing un-named prison officials

(identified as the Camp Brighton supervisor, warden, and health inspectors) in their official capacities and seeks monetary damages. The Eleventh Amendment bars civil rights actions against a state and its agencies and departments unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66, 109 S. Ct. 2304, 2309-10 (1989). "The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it passed § 1983. *Chaz Const., LLC v. Codell*, 137 F. App'x 735, 743 (6th Cir. 2005). Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief" against a state and its agencies. *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993). Eleventh Amendment immunity also applies to state employees sued in their official capacities. *See Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (citing *Cady v. Arenac Co.*, 574 F.3d 334, 344 (6th Cir. 2009)).

Defendants are employees of the Michigan Department of Corrections and are sued in their official capacities for damages. Therefore, they are entitled to Eleventh Amendment immunity and  Plaintiff's complaint must be dismissed.

3

Accordingly,

**IT IS ORDERED**, that Plaintiff's complaint is **SUMMARILY DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b);

**IT IS FURTHER ORDERED**, that the Court concludes that an appeal from this decision would be frivolous and cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445, 82 S. Ct. 917, 921 (1962).

Dated: March 31, 2014                       s/PATRICK J. DUGGAN
                                                        UNITED STATES DISTRICT JUDGE

Copy to:
Spring Dankert, #384783
Women's Huron Valley Correctional Facility
3201 Bemis Road
Ypsilanti, MI 48197-0911

4